UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **HECTOR LEE REYES, SID #973195,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| § | SA-20-CV-01258-XR |
| v. § | |
| § | |
| **JAVIER SALAZR, Bexar County** § | |
| **Sheriff,** § | |
| , § | |
| § | |
| **Defendant.** § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Daniel Hector Lee Reyes's ("Reyes") Complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Reyes is proceeding *pro se*, and the Court granted his Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 2, 4). Upon consideration, to the extent he seeks monetary damages and injunctive relief in the form of expungement, the Court orders Reyes's section 1983 Complaint **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code because he fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B), 1915A(b). To the extent Reyes seeks release from confinement, the Court orders his section 1983 Complaint **DISMISSED WITHOUT PREJUDICE** to the filing of a habeas corpus action after he has exhausted his available state–court remedies. *See* 28 U.S.C. § 2241.

### BACKGROUND

According to Bexar County criminal court records, Reyes has been indicted for the offense of aggravated sexual assault of a child. https://search.bexar.org/Case/CaseSummary?r=bf1058e7-fa06-4e9b-ab76-33c8e4436a5f&st=s&s=973195&cs=&ct=&= (last visited Oct. 28, 2020). He is

currently confined in the Bexar County Adult Detention Center ("BCADC") awaiting trial, which is scheduled for December 2020. *Id.* While incarcerated, Reyes filed this section 1983 action against Bexar County Sheriff Javier Salazar ("the Sheriff"). (ECF No. 1). Reyes contends he was unlawfully arrested and is being unlawfully detained. (*Id.*). He further contends the indictment rendered against him is invalid. (*Id.*). He also raises claims regarding his conditions of confinement, complaining of "uncooked, rotten food" and improper treatment by deputies at the BCADC. (*Id.*). Based on these contentions, Reyes suggests his constitutional rights have been violated. (*Id.*). As relief for the alleged constitutional violations, Reyes seeks monetary damages, expungement of his arrest record, and release from confinement. (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code ("Code"), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a

legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

When reviewing a *pro se* plaintiff's complaint, the court must construe plaintiff's allegations as liberally, holding the *pro se* plaintiff to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

3

Nevertheless, district courts possess broad discretion when determining whether an IFP proceeding is frivolous. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Such broad discretion is necessary because the Federal Rules of Civil Procedure are inadequate to protect the courts and defendants from frivolous litigation from indigent prisoners. *Green*, 788 F.2d at 1119 (quoting *Jones v. Bales*, 58 F.R.D. 453, 463 (N.D. Ga. 1972), *aff'd by adopting district court's reasoning*, 480 F.2d 805 (5th Cir. 1973)).

## APPLICATION

### A. *Personal Involvement/Custom or Policy—The Sheriff, Individual Capacity*

To state a section 1983 claim against a defendant like the Sheriff in his individual capacity, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under section 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty.*, *Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Reyes does not allege the Sheriff was personally involved in any of the acts or omissions he contends resulted in a violation of his constitutional rights or that the Sheriff is responsible for a policy or custom that gave rise to any of the alleged constitutional deprivations. (ECF No. 1). In the absence of an allegation that the Sheriff was personally involved in the alleged constitutional violations or responsible for a policy or custom that gave rise to such constitutional deprivations,

4

Reyes has failed to state a claim upon which relief may be granted, subjecting his Complaint to dismissal with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### B. *Policy, Practice, or Custom—The Sheriff, Official Capacity*

It is unclear whether Reyes sued the Sheriff in his individual capacity, official capacity, or both. (ECF No. 1). However, claims lodged against a public official like the Sheriff in his official capacity are claims against the governmental entity the official represents—here, Bexar County. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

To establish liability on the part of a county or municipality, a plaintiff must demonstrate the existence of some official policy, practice, or custom of the county or municipality that caused the alleged constitutional deprivations. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla.*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Reyes fails to allege the existence of an official policy, practice, or custom by Bexar County relating to his alleged constitutional deprivations. (ECF No. 1). He has, therefore, failed to a claim upon which relief may be granted against Bexar County, if that is what he intended. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### C. *Request for Injunctive Relief—Expungement of Arrest Record*

In his Complaint, Reyes seeks to have his arrest record expunged as relief for his alleged constitutional violations. (ECF No. 1). Expungement is not a type of relief available under section 1983 because the right to expunge state records is not a federal constitutional right. *Ellis v. City of Dallas*, No. 3:17-CV-3199-D-BH, 2018 WL 5303299, at *2 n.3 (N.D. Tex. Sept. 21, 2018), *report and recommendation adopted*, 2018 WL 5299575 (N.D. Tex. Oct. 25, 2019); *see Orellana v. Kyle*,

65 F.3d 29, 31 (5th Cir. 1995) (holding that civil rights relief cannot be had absent allegation by plaintiff he has been deprived of some right secured by the Constitution or federal law). Moreover, even if expungement were otherwise available, this Court may not order expungement of public records absent some "special circumstance." *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978). Reyes has alleged no special circumstance that would warrant an expungement of his arrest record. (ECF No. 1).

### D. Release From Confinement

In addition to monetary damages, Reyes seeks release from custody as relief for the alleged constitutional violations. However, such relief is not available for a section 1983 claim.

As a pretrial detainee, Reyes can obtain the requested relief only by way of a writ of habeas corpus after exhaustion of his available state remedies. *See* 28 U.S.C. § 2241; *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017), *cert. denied*, 140 S. Ct. 104 (2019). Although the text of section 2241 does not require exhaustion, federal courts have long held that a section 2241 petitioner must exhaust state court remedies before a federal court will entertain a challenge to state detention. *Id.* Under the exhaustion doctrine, state prisoners must exhaust all state remedies prior to seeking federal habeas corpus relief in order to give the State an opportunity to pass upon and correct any alleged violations of prisoners' federal rights. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

In Texas, to exhaust state remedies, a prisoner is required to present the substance of his claims to the Texas Court of Criminal Appeals by petition for discretionary review or application for writ of habeas corpus. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). A petitioner is excused from the exhaustion requirement only if he can show exceptional circumstances of

6

peculiar urgency. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997).

In the first instance, this Court declines to construe the matter as an application for habeas corpus relief pursuant to section 2241 because Reyes has neither alleged nor shown that he has exhausted his state-court remedies nor has he shown exceptional circumstances of peculiar urgency. *See Montano*, 867 F.3d at 542; *Deters*, 985 F.2d at 795. Moreover, even if the Court construed this action as an application for habeas corpus relief, the Court would refrain from considering Reyes's request for release—a form of injunctive relief—based on the *Younger* abstention doctrine.

Pursuant to the *Younger* abstention doctrine, federal courts must refrain from considering requests for injunctive relief when they are based on constitutional challenges to state criminal proceedings pending at the time federal action is instituted. *Thomas v. State*, 294 F.Supp.3d 576, 593 (N.D. Tex. 2018) (citing *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004); *Wightman–Cervantes v. Tex.*, No. 3:03-CV-3025-D, 2004 WL 2512208, at *2 (N.D. Tex. Nov. 5, 2004)); *see Younger v. Harris*, 401 U.S. 37, 41 (1971). The *Younger* doctrine applies here because: (1) Reyes's section 1983 claims involve ongoing state judicial proceedings that were pending when he filed his section 1983 action; (2) the criminal proceedings implicate an important state interest because the state has strong interest in enforcing its criminal laws; and (3) Reyes can raise his "false indictment" claims in the state court proceedings. *See Thomas*, 294 F. Supp.3d at 594.

### NO RIGHT TO AMEND

Generally, before dismissal of a section 1983 complaint, a *pro se* litigant should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke*, 490 U.S. at 329;

*Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010). Leave to amend is not required, however, if the *pro se* has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the Complaint and applicable law, that any attempt by Reyes to amend would be fruitless—he has pleaded is best case under the facts. Accordingly, the Court need not provide him with an opportunity to amend prior to dismissal.

## CONCLUSION

Based on the foregoing, this Court finds Reyes's Complaint must be dismissed. Regarding his claims against the Sheriff in his individual capacity, Reyes failed to allege the Sheriff's personal involvement or responsibility for a policy or custom relating to the alleged constitutional violations. As to any claims against the Sheriff in his official capacity, Reyes failed to allege a policy, practice, or custom by Bexar County that resulted in the alleged constitutional violations. Finally, Reyes cannot obtain expungement of his arrest record or release from confinement in this section 1983 action.

**IT IS THEREFORE ORDERED** that to the extent he seeks monetary damages and injunctive relief in the form of expungement, Reyes's section 1983 Complaint (ECF No. 1) against Defendant Javier Salazar, Bexar County Sheriff, is **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i)–(ii) and 1915A(b) of Title 28 of the United States Code because Reyes failed to state a claim upon which relief may be granted.

**IT IS FINALLY ORDERED** that to the extent he seeks habeas corpus relief, Reyes's section 1983 Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a habeas corpus action after he has exhausted his available state–court remedies.

It is so **ORDERED**.

SIGNED this October 30, 2020

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE